UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

ORLANDO MANDELL DEBROW        CIVIL ACTION NO. 5:15-cv-1717

VS.                           SECTION P

                              JUDGE ELIZABETH E. FOOTE
CADDO PARISH COMMISSION,
ET AL.                        MAGISTRATE JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

Pro se plaintiff Orlando Mandell Debrow, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 19, 2015. Plaintiff was booked into the Caddo Corrections Center on March 11, 2015, and remains detained there charged with failing to register as a sex offender and being a parole fugitive.[1] He sues CCC, the Caddo Parish Commission and a prison maintenance worker named Dale because he cut his elbow on a broken shard of a lightbulb left in the room by Dale on May 4, 2015. He prayed for compensatory damages of $10,000 and a like amount as compensation for pain and mental suffering. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §§1915 and 1915A.

*Statement of the Case*

On May 4, 2015, prison maintenance worker Dale entered plaintiff's cell to change a light bulb. Dale apparently dropped the light bulb which shattered on the cell floor. He swept the floor,

_____

[1] http://www.caddosheriff.org/inmates/?lastNameChar=D

but apparently missed a few shards. Later on, while plaintiff was arising from his bed he attempted to support himself and felt "something poke at [his] elbow." He began to bleed from the wound and alerted a prison guard who sent him to the medical department. A piece of glass was removed but plaintiff "felt like there was more in it." He returned to his cell and cleaned up more glass shards and powdered glass from his bed and the floor. He returned to the medical department but they advised there was nothing more they could do.

On May 6, 2015, he submitted grievance number G15050058 concerning the incident and requested $10,000 in damages and the payment of his medical co-pay.  On May 7, 2015, his grievance was rejected insofar as it demanded $10,000; however, the prison agreed to refrain from charging the medical co-pay. He was also instructed to contact medical department for any further complaints.

As noted above, plaintiff now demands damages totaling $20,000 for the cut he sustained.

### *Law and Analysis*

### *1. Screening*

As a prisoner seeking redress from an officer or employee of a governmental entity, plaintiff's civil rights complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A, even though he has paid the full filing fee. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Section  1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams,* 490 U.S. 319, 325 (1989).

### 2. Detainee Standards

Plaintiff is a pre-trial detainee. It has long been held that "... [t]he State's exercise of its power to hold detainees and prisoners ... brings with it a responsibility under the U.S. Constitution to tend to the essentials of their well-being: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs ... it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause." *Hare v. City of Corinth, Miss*., 74 F.3d 633, 638-39 (5th Cir.1996) (*en banc*) (quoting *DeShaney v. Winnebago County Dep't of Soc. Servs*., 489 U.S. 189, 200, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989)).

Thus, a detainee's constitutional rights arise from "both the procedural and substantive due process guarantees of the Fourteenth Amendment." *Hare,* at 639 (citing *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)). The Due Process Clause of the Fourteenth Amendment prohibits the punitive confinement of a pretrial detainee since, by definition, the guilt of a detainee has not yet been adjudicated. *See Bell*, 441 U.S. at 535. Since plaintiff was a pretrial detainee at all times relevant to this civil action, the issue herein is whether or not the complained of acts or omissions of the defendants amounted to a violation of plaintiff's due process rights under the Fourteenth Amendment.

In order to determine the standard of analysis for constitutional challenges brought by pretrial detainees under § 1983, courts are directed to first to classify the challenge as either an attack on a "condition of confinement" or as an "episodic act or omission." *Flores v. County of*

*Hardeman, Tex*., 124 F.3d 736, 738 (5th Cir.1997) (citing *Hare*, 74 F.3d at 644).   In a detainee

suit challenging conditions of confinement, the constitutional challenge is to the "general

conditions, practices, rules, or restrictions of pretrial confinement." *Hare*, 74 F.3d at 644.  On the

other hand,  an "episodic act or omission" case, complains of a particular act or omission of one

or more officials, and it focuses on "whether [the] official breached his constitutional duty to

tend to the basic human needs of persons in his charge." *Id.* at 645. A detainee who complains

that an "episodic act or omission" resulted in an unconstitutional violation of a his Fourteenth

Amendment rights is required to show that the officials acted with  "deliberate indifference" to

his health and safety. *Hare*, 74 F.3d at 647-48.

Jail officials must provide "humane conditions of confinement, ensuring that inmates

receive adequate food [and] ... medical care..." *Palmer v. Johnson*, 193 F.3d 346, 351-52 (5th

Cir.1999). "[T]he Fourteenth Amendment prohibits the imposition of conditions of confinement

on pretrial detainees that constitute punishment." *Collins v. Ainsworth*, 382 F.3d 529, 540 (5th

Cir.2004) (internal quotation marks and citation omitted). However, "the Constitution is not

concerned with a *de minimis* level of imposition on pretrial detainees." *Id.* (internal quotation

marks and citation omitted).

Here, plaintiff complains that he received a cut when a broken shard of glass was

apparently inadvertently left on the floor of his cell. He sustained what must have been a very

minor injury. In order to prevail on this claim he must show that the defendants were guilty of

deliberate indifference. Put simply, in this context, deliberate indifference "describes a state of

mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct.

1970, 128 L.Ed.2d 811 (1994). Clearly, at worst, the defendant was negligent when he left

4

behind one or more shards of broken glass. Plaintiff can allege no set of facts to demonstrate deliberate indifference on the part of any of the named defendants and his claim concerning his cut is frivolous.

Plaintiff also implied that he received inadequate medical treatment for his injury.  As noted above, plaintiff's constitutional rights flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir.1996). Detainees, by virtue of their status, are not subject to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861 (1979). Nonetheless, when, as here, a pretrial detainee brings medical care claims which are directed toward  particular incidents, these events are properly analyzed as episodic acts, and the deliberate indifference standard is applied. *Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir.1996). This standard is substantially equivalent to the Eighth Amendment protections available to a convicted prisoner. *Id.*  To state a cause of action, this plaintiff once again needs to show deliberate indifference on the part of each of the defendants. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).  Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm.  Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm*.  Id.*

Thus, in order to establish an actionable constitutional violation  plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety.  *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the plaintiff to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally

5

treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton

disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d

752, 756 (5th Cir.2001) (citation omitted). Plaintiff's pleadings fall far short of alleging facts

sufficient to establish deliberate indifference on the part of any of the named defendants or any of

the other corrections officers or healthcare officials identified in his pleadings.

To the extent that the pleadings allege negligence or even malpractice on the part of the

defendants with regard to his medical care claim, plaintiff fails to state a claim for which relief

may be granted since deliberate indifference is not equivalent to negligence. Put simply,

deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v.

Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under the deliberate

indifferent standard, it is not sufficient that defendants should have known of a substantial risk;

they must have actual knowledge of the risk and must thereafter have ignored it.

In other words, with regard to his claims, this plaintiff must allege facts to establish that

each of the defendants knew of and then disregarded an excessive risk of injury to him, and,  that

they were both aware of the facts from which the inference could be drawn that a substantial risk

of serious harm existed, and that they drew that inference. *Farmer v. Brennan*, 511 U.S. at 837.

Plaintiff's medical care claim simply does not suggest the presence of deliberate indifference on

the part of the defendants. His claim for damages for improper medical care is also frivolous.

### *Recommendation*

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED**

**WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §§1915 and

1915A.

6

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, June 8, 2015.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**